IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIE L. REESE,<br><br>Defendant. | 4:17CR3006<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Jennie L. Reese's Motion for Bill of Particulars and Motion to Dismiss (Filing No. 20). For the reasons discussed below, the Motion for a Bill of Particulars will be denied, and the Motion to Dismiss will be granted in part and denied in part.

BACKGROUND

Reese was a tenant at a public housing program in Gordon, Nebraska from February 1, 2010 through May 31, 2012. The housing program was administered by the Gordon Housing Authority (GHA), with the amount of rent based on each tenant's income and adjusted if that income changed. Reese also worked for the GHA and "was responsible to review, calculate, and re-certify the tenants' rents . . . annually." (Filing No. 22 at CM/ECF p. 3).

A one count indictment was filed against Defendant on January 19, 2017. The indictment in its entirety states:

> Between on or about February 2011 and on or about January 2013, in the District of Nebraska, Defendant, JENNIE L. REESE, willfully and

knowingly did embezzle, steal, purloin, and convert to her own use funds of the Gordon Housing Authority that originated with the United States Department of Housing and Urban Development, a department or agency of the United States, of a value exceeding $1000. In violation of Title 18, United States Code, Section 641.

(Filing No. 1).

Defendant initially appeared on March 1, 2017, and the parties were ordered to conduct reciprocal discovery, as set forth in Fed. R. Crim. P. 16. Defendant has now moved for a Bill of Particulars and to have the indictment dismissed, alleging the charges within the indictment are barred by the statute of limitations.

## ANALYSIS

A.   Motion for Bill of Particulars.

Defendant has moved for a Bill of Particulars, asserting the government should be required to list the specific date on which each alleged theft or embezzlement of money occurred "in order to determine whether or not the statute of limitations has expired with regards to each offense." (Filing No. 21 at CM/ECF p. 8).

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 576 F.3d 881 (8th Cir. 2009).

The government opposes the motion for bill of particulars, stating it has already provided extensive discovery and afforded defendant Reese with adequate notice of the charges and a full and fair opportunity to prepare a defense. The government further asserts the discovery materials it provided to Reese "set forth in detail dates, amounts, types of Defendant Reese's actions, and also included spreadsheets and tables that specifically identified the dollar amount of loss, together with summaries of interviews of GHA executives and employees that provided additional details to support Defendant Reese's commission of the offense." ([Filing No. 22 at CM/ECF p. 4](#)).

Under the circumstances described, Defendant is not entitled to a Bill of Particulars. Defendant alleges she needs additional information on the specific dates and amounts in question. However, Defendant's assertion is directly contradicted by the detailed background, complete with dates and amounts, provided in Defendant's brief supporting her motion to dismiss. As argued by the government, it's production of documents provided Defendant ample information to prepare a defense as evidenced by Defendant's pending motion to dismiss. Accordingly, Defendant's motion for bill of particulars will be denied.

    B.    <u>Motion to Dismiss</u>

Defendant has moved to dismiss the indictment as barred by the statute of limitations. The applicable statute of limitations provides "except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." [18 U.S.C.A. § 3282(a)](#).

> The purpose of the statute of limitations is to limit exposure to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time, and minimize the danger of official punishment because of acts in the far-distant past.

Toussie v. United States, 397 U.S. 112, 114-115 (1970). Criminal limitations statutes are "to be liberally constructed in favor of repose." Id. at 115 (internal citations omitted). "And Congress has declared a policy that the statute of limitations should not be extended except as otherwise expressly provided by law." Id. (citing 18 U.S.C. § 3282).

"[A] criminal statute of limitations begins to run when each element of the offense has occurred." United States v. Bennett, 765 F.3d 887, 893 (8th Cir. 2014). However, in "limited circumstances," (Toussie, 397 U.S. at 115), crimes may be considered "continuing offenses" for the purposes of the statute of limitations. A crime is a continuing offense if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing offense. Id. If the crime is a continuing offense, it is not complete for statute of limitation purposes until the proscribed course of conduct is completed or discontinued. United States v. Jacob, 781 F.2d 643, 648 (8th Cir. 1986).

The parties agree that the language of 18 U.S.C. § 641 does not compel a conclusion that crimes committed under that statute are continuing offenses. So the question before the court is whether Congress must have intended that result. The Eighth Circuit has not ruled on the question, and other circuits, along with lower

court decisions, are split on this issue. In general, the court decisions examine whether an offense is deemed continuing when the defendant fraudulently receives government payments through automatic or systematic means; for example, as a result of submitting a false application for benefits or by receiving federal benefit payments through an ongoing direct deposit. See United States v. Smith, 373 F.3d 561 (4th Cir. 2004) (defendant received his mother's Social Security benefit deposits into a joint account after her death); United States v. Silkowski, 32 F.3d 682 (2d. Cir. 1994) (defendant improperly received social security benefits issued in the name of his ex-wife); United States v. Trang Huydoan Phan, 754 F. Supp. 2d 186 (D. Mass. 2010)(defendant received another person's SSI disability payments via direct deposit into defendant's bank account); United States v. Turner, 2014 WL 641768 (W.D. Ark., Feb. 18, 2014) (defendant misrepresented facts on application for SSI benefits and improperly received payments); United States v. Henrickson, 191 F. Supp. 3d 999 (D.S.D. 2016)(defendant improperly received and kept disability payments).

In Smith, the defendant's mother received social security payments which were directly deposited into a joint account owned by the defendant and his mother. When his mother died, Smith did not inform the SSA and continued to receive the payments intended for his mother. The court in Smith determined "that Congress must have intended that, in some circumstances, [embezzlement] be treated in § 641 as a continuing offense." Smith, 373 F.3d at 564. In reaching its conclusion, Smith focused on the conduct of the individual defendant. The court explained:

> At least in those cases where the defendant created a recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the

government, and maintained that scheme without need for affirmative acts linked to any particular receipt of funds—cases in which there is a strong "temporal relationship between the [completion of the] offense and culpability," United States v. Blizzard, 27 F.3d 100, 103 (4th Cir.1994)—we think that Congress must have intended that such be considered a continuing offense for purposes of the statute of limitations.

Id. at 567-68.

Since the defendant had implemented a scheme where funds were automatically deposited into an account and retained by him "without further specific action on his part," Smith held the crime was a continuing offense. Id. at 568. However, Smith further explained that not "all conduct constituting embezzlement" may be treated as a continuing offense and some embezzlement conduct may be treated otherwise. Id. at 568. See also, United States v. Morris, 2014 WL 2560617 (E.D. Ark. June 6, 2014)(§ 641 is a continuing offense where there was regular, ongoing and active theft and concealment of SSA and VA funds); United States v. Turner, 2014 WL 641768 at *1 (E.D. Ark. Feb. 18, 2014)(stealing SSI benefits by misrepresenting material facts on an application was a continuing offense).

Courts rejecting the reasoning in Smith have reasoned that determining whether a § 641 offense is deemed "continuous" does not require a case-by-case analysis: The determination is not dependent on each defendant's conduct. See Henrickson, 191 F. Supp. 3d at 1003-04.

> [T]he active or passive nature of a defendant's actions has never been the benchmark of a continuing offense under Toussie. Instead, the focus is on the statutory language. If a statute describes an offense that by its very nature continues after the elements have been met, then the

offense is a continuing one regardless of the nature of defendant's actions beyond that point.

Id. at 1003 (quoting United States v. Yashar, 166 F.3d 873, 877 (7th Cir. 1999)).[1] Henrickson found the decision in Smith, and other cases finding violations of § 641 constituted continuing offenses, added a third consideration that was not mentioned in Toussie—Defendant's active conduct. Henrickson, 191 F. Supp. 3d at 1004 (citing United States v. Powell, 99 F. Supp. 3d 262, 267 (D.R.I. 2015)). Relying on the statutory language of § 641 itself, and noting that embezzling, stealing, and converting government funds as stated in § 641, covers a "broad range of proscribed conduct," Henrickson held it was not convinced "Congress must assuredly have intended the offense be treated as a continuing one." Henrickson, 191 F. Supp. at 1004-05.

Having liberally construed the criminal limitations statutes in favor of repose, (Toussie, 397 U.S. at 115), and acknowledging that a continuing offense may be found in only "limited circumstances," the undersigned magistrate judge is persuaded that the reasoning in Henrickson and similar cases is correct. The court should look to the language of the statute itself and Congress' intent when deciding whether a crime is a continuing offense for statute of limitations purposes.

The indictment against Reese alleges she embezzled, stole, purloined, and converted government funds. Each of these offenses is distinct in nature and does

---

[1] Yashar addressed the continuing offense doctrine in the context of 18 U.S.C. § 666 – at statute which makes it illegal when a state or local government agent "embezzles, steals, obtains by fraud, or "converts" federal funds. Yashar, relying on Toussie, determined the violation of § 666 was not a continuing offense. 166 F.3d at 779-80. Yashar noted that separate acts violating § 666 could not be grouped as one continuing course of conduct for the purposes of the statute of limitations. Id.

7

not "clearly contemplate a prolonged course of conduct." Toussie, 397 U.S. at 121; see also United States v. Reitmeyer, 356 F.3d 1313, 1322-23 (10th Cir. 2004)("If a crime is discrete, it is less likely Congress 'assuredly intended' the crime to be a 'continuing offense.' "); United States v. Tavarez-Levario, 788 F.3d 433 (2015) (each use of a fraudulently obtained immigration document is finite in nature). This characteristic distinguishes § 641 crimes from those in other statutes where courts have applied the continuing offense doctrine. See United States v. Bailey, 444 U.S. 394, 413 (1980)(escape from federal custody is a continuing offense; due to the "continuing threat to society posed by an escaped prisoner" Congress must assuredly have intended for it to be treated as a continuing offense); United States v. Garcia, 854 F.2d 340, 343-44 (9th Cir. 1988)(kidnapping is a continuing offense because it involves detention and continues throughout the duration of the detention).

An individual can violate the first paragraph of § 641 by embezzling or stealing government funds through a defined act with a clear beginning and end – such as actively stealing rent payments and converting those funds to personal use. Embezzlement, stealing, purloining, or converting government funds encompasses a broad scope of activities which have a finite beginning and end. Thus, the court cannot say that Congress must have intended to treat the types of crimes listed in § 641 as continuing offenses under Toussie.

The government asks the court to adopt the reasoning in Smith. While Smith instructs that under certain circumstances a violation of § 641 may constitute a continuing offense, it limited that finding to "those cases where the defendant created a recurring, automatic scheme of embezzlement . . . by conversion of funds voluntarily placed in the defendant's possession by the government, and maintained

that scheme without need for affirmative acts linked to any particular receipt of funds." Smith, 373 F.3d at 567-68. The decision is Smith was fact-specific: Smith held that a passive scheme of fraudulent conduct which requires no action by the defendant is a continuing offense.

Even if the court accepted and applied Smith's reasoning and holding to charges against Reese, the result would not change. The conduct identified in the indictment and in the government's response to Defendant's motion to dismiss does not describe a continuous and passive scheme perpetrated by Reese. Rather, the government is alleging Reese failed to complete a required annual certification and, on at least three separate occasions, stole other tenants' rent money, as evidenced by discrepancies in the GHA's rent receipts and corresponding deposits into GHA's bank accounts. Reese's alleged misconduct is not the type of recurrent, automatic, and passive activity considered by Smith. The government is not alleging that Reese fraudulently received electronic deposits, or other analogous conduct. Thus, even if the court followed the reasoning Smith, it would not find a continuing § 641 offense under the facts alleged in this case.

Although the violations alleged are not continuing offenses, Reese's motion to dismiss cannot be granted in its entirety. The indictment, filed on January 19, 2017, alleges Reese's violations occurred between February 2011 and January 2013. Thus, the indictment against Reese should be dismissed to the extent it seeks a conviction for alleged criminal activity occurring prior to January 19, 2012. As to alleged offenses occurring on or after that date, the motion to dismiss should be denied.

Accordingly,

IT IS ORDERED that as to Defendant's motion ([Filing No. 20](Filing No. 20)):

1) The motion to dismiss is granted in part and denied in part as set forth above.

2) Defendant's motion for a bill of particulars is denied.

3) The jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on June 19, 2017, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

Dated this 25th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge